THOMAS DOLE vs. GEORGE BOUTWELL, JR.

A judgment against one as trustee discharges him from all demands by the principal de-
fendant for sums accounted for by him on such judgment, although he did not dwell or
have his usual place of business in the county where the action in which such judgment
was rendered was made returnable, and although no bill of particulars was filed until
after entry of the action.
A payment by note is valid.

CONTRACT upon an account annexed. The answer set up
payment, and an account in set-off; but at the trial in the supe-
rior court the defendant stated, and by leave of court entered
upon the docket, that he relied upon payment and not upon
set-off. The defendant for several years past has lived in Essex
county, and never lived, or had a place of business, in Middle-
sex. The items of the plaintiff's account having been proved,
the defendant introduced in evidence, under objection, the record
of a judgment of the police court of Lowell in favor of Lemuel
Page and others against the plaintiff, and the defendant as trus-
tee, rendered December 21 1859, with the execution which is-
sued thereon, dated December 24 1859, and the officer's return
upon the execution showing that he, within thirty days, by direc-
tion of the plaintiff, received of the trustee therein named a
promissory note, payable to Page and others, for $17.62, being
the amount of funds in the trustee's hands. No bill of particu-
lars was filed with the writ in the action of Page and others
against Dole and trustee, but one was filed after the entry and
before judgment. Both Dole and Boutwell objected, in that ac-
tion, to the jurisdiction of the court, on the ground that the sup-
posed trustee did not dwell or have his usual place of business
in Middlesex; but the trustee afterwards filed a general answer.

The defendant also introduced in evidence, under objection,
an order drawn upon him by the plaintiff for $16.12, in favor
of one Wright, upon which the defendant had given his note
to Wright, which was accepted in payment of the order.

Upon this evidence *Rockwell*, J., instructed the jury that the
record was a good defence against the plaintiff's claim to the

amount of $17.62; and that the order was a good defence to the further amount of $16.12; whereupon a verdict was returned for the plaintiff, for the balance due upon his account annexed after deducting those sums, and he alleged exceptions.

*A. F. L. Norris,* for the plaintiff, cited, as to the effect of the judgment, *Brown* v. *Webber,* 6 Cush. 560; *Hawes* v. *Waltham,* 18 Pick. 451; *Wood* v. *Partridge,* 11 Mass. 488; *Morse* v. *Top pan,* 3 Gray, 411; *Loring* v. *Folger,* 7 Gray, 505; *Bridge* v *Ford,* 4 Mass. 641; *Piper* v. *Pearson,* 2 Gray, 120.

*T. H. Sweetser & W. S. Gardner,* for the defendant, cited upon the same point, *Ex parte Gladhill,* 8 Met. 168; *Bannegan* v. *Murphy,* 13 Met. 251; *McCall* v. *Parker,* 13 Met. 380; *Cook* v. *Darling,* 18 Pick. 393; *Gleason* v. *Dodd,* 4 Met. 339; *Nash* v. *Brophy,* 13 Met. 476; *Barrows* v. *Rose,* 7 Gray, 282; *Morrison* v. *New Bedford Inst. for Savings,* 7 Gray, 269.

DEWEY, J. The judgment rendered in the suit of Page and others against Dole, and Boutwell as trustee, is available to Boutwell as a sufficient authority for the payment of the sum for which he was adjudged trustee. Without expressing any opinion upon the question whether that judgment might have been reversed on a writ of error, if the defendant therein had taken proper measures for the purpose, nothing of that kind having taken place, the trustee may avail himself of the same as an existing judgment.

Under the decisions of this court, it would seem to have been competent for either the trustee or the defendant to avail himself, by proper proceedings instituted at the first term after the entry of the action, of the objection to the action, on the ground that it was made returnable in Middlesex instead of Essex, where the sole trustee lived. This objection was not one, however, that was fatal to the jurisdiction of the court sitting for Middlesex, in the future stages of the case, or one that might not be cured by the appearance and pleading of the parties thereto, although a mere appearance to object to the jurisdiction would not operate as a waiver of the objection. These positions are authorized by the case of *Brown* v. *Webber,* 6 Cush. 560.

In the suit of Page and others against Dole, and Boutwell as trustee, the record does show that such objection was taken both by the defendant and by the trustee. As to the plea of the trustee raising the objection, before any action was had thereon, it was waived by a general appearance and answer of the trustee; and this, so far as he was concerned, cured the objection that the action was not made returnable in the county of Essex. The defendant in that action did not waive his plea, and subsequently, upon some ground not stated in the record, either for want of form or substance, upon demurrer to the plea, the same was overruled. From this judgment of the police court the defendant in the action took no appeal, as he might have done, but was defaulted, and suffered judgment to be rendered against himself; and execution thereupon was issued against the defendant, and against his credits and effects in the hands of Boutwell as his trustee.

This judgment cannot be treated as a nullity, but was in full force, no appeal having been taken in the case, and no attempt having been made to have the same reversed.

The indorsement upon the execution of the payment of the amount in the hands of Boutwell as trustee, by a promissory note accepted by the creditor, was a good payment by the trustee. The return of the officer sufficiently shows this payment, and to that amount the demand of the present plaintiff against Boutwell was legally discharged thereby.

The defendant is also entitled to an allowance of the sum paid to the use of the plaintiff by the payment of his order for $16.12 to a third person. This may properly be applied as a payment by the defendant in discharge of his indebtedness to the plaintiff.                                *Exceptions overruled.*